José A. TORRES PLATA, Plaintiff and Appellant, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 9544.  Argued January 13, 1948.—Decided March 5, 1948.

E. Tristani, Jr., for appellant.  Luis Negrón Fernández, Attorney General, and Elmer Toro Lucchetti, Assistant Attorney General, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Treasurer of Puerto Rico, pursuant to the authority vested in him by § 62 [1] of the Spirits and Alcoholic Beverages Act (Act No. 6 of June 30, 1936, Third Special Session, page 44) confiscated an automobile belonging to José A. Torres Plata because said vehicle was surprised transporting, in Juana Díaz, two cans of distilled spirits on which the corresponding revenue had not been paid. Torres Plata appealed to the District Court of Ponce within the ten days provided by § 97 of the same statute [2] and alleged: (1) that he had not committed any offense; (2) that the adequate proceedings were not followed and (3) that his property had been subject to an arbitrary and unlawful forfeiture.

The Treasurer answered and affirmatively alleged that he had seized the automobile because "on October 30, 1944, while Mr. José Ramón Mercado Rodríguez drove a Buick automobile license-plate No. P–4177 along Highway No. 11, Kilometer 66 of Juana Díaz, on reaching a curve, he was ordered to stop by Luis Pérez Rivera, an insular policeman, because he had not sounded the horn; that Mercado disobeyed the order given by the policeman and instead speeded the car; that two cans of rum of clandestine manufacture were thrown out from the car without having the correspond-

---

[1] Section 62 provides: "The Treasurer is hereby authorized to confiscate any vehicle, boat, launch, or other water or air craft which is apprehended loaded or while loading, transporting, carrying or transferring any distilled spirits or alcoholic beverages illegally manufactured, imported, distilled or rectified and on which the taxes prescribed by this Act have not been paid; and same shall be sold at public auction for the benefit of The People of Puerto Rico; *Provided*, That the Treasurer in his discretion may, if the public service so requires, designate not more that five (5) of such motor vehicles or boats to be used by duly authorized officials and agents of the Bureau of Alcoholic Beverages and Narcotics."

[2] "Section 97.—Whenever the Treasurer of Puerto Rico is empowered by this Act to sell articles or products attached by him or by his agents, any aggrieved person may appeal to the corresponding district court, and said court shall have jurisdiction, after due hearing, to confirm, revoke, or modify the decision of the Treasurer. Said appeal shall be made within ten days after the interested person is notified."

ing internal revenue stamps attached; that policeman Pérez followed the car into a garage where it was parked, the owner of the automobile being José Angel Torres Plata . . . . ''

Trial was held and after a view was taken of the place where the beverage was seized, the court dismissed the complaint and petitioner appealed. He alleges that the lower court erred in deciding that the seizure of the automobile by the policeman in appellant's garage and the order to take it to Headquarters were lawful; in declaring valid the forfeiture of the automobile without having seized the clandestine rum inside the car; and in finding that the appellee proved the essential facts warranting forfeiture.

■■ In support of his first assignment appellant argues that the confiscation of his automobile deprives him of his property without the due process of law, since it was seized by the policeman without an order of the court. The evidence, believed by the court, showed that appellant, at the request of the policeman who had seized the cans of rum that had been thrown out of appellant's automobile while it was driven by another person, took the car to headquarters voluntarily. Subsequently, the Treasurer notified appellant that he had confiscated the automobile. The prejudiced party, pursuant to § 97, *supra,* appealed to the lower court where a plenary suit was had.

In *General Motors Acceptance Corp.* v. *Brañuela,* 60 P.R.R. 680; 61 P.R.R. 701, we held that confiscations authorized under § 62, *supra,* do not violate the constitutional guarantee of due process of law, inasmuch as § 97 gives the owner or person interested in the confiscated vehicle ample and sufficient opportunity to be heard.

■ The first error was not committed. The second lacks merit and was not committed either. Appellant contends that since the two cans of alcohol were not seized inside the automobile, the latter can not be confiscated. The facts as proved show that when appellant's automobile was pur-

sued by a motorcycle policeman, two cans were thrown out to the ditch and that when they were seized they contained alcohol. Section 62, *supra,* authorizes the forfeiture of any vehicle which is apprehended "loaded or while loading, transporting, carrying or transferring any distilled spirits or alcoholic beverages, etc." Since the lower court believed the testimony of the policeman that he noticed when the cans were thrown out while the car was running, we must conclude that said cans were being transported, carried and transferred in the vehicle. To decide the contrary would be to defeat compliance with the legislative mandate, as the lawbreakers could avoid sanction of the law by throwing out from the vehicle the clandestine beverages carried therein. In the instant case the court believed the testimony of the policeman who saw when the cans were thrown out and were found to contain clandestine alcohol and the vehicle carrying them was confiscated. This evidence is sufficient and since it was not alleged that the trial court acted with passion, prejudice, or bias, nor are we convinced that it committed manifest error in the weighing thereof the third assignment is also untenable. *Hernández* v. *Acosta,* 64 P.R.R. 166; *Castro* v. *Las Monjas Racing Corp.,* 63 P.R.R. 212; *Martínez* v. *Báez,* 63 P.R.R. 751.

There is no conflict whatsoever in the evidence herein as appellant did not contradict at all the evidence presented by the appellee. Under these circumstances, the judgment is affirmed.

